**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-116-DLB**

**MORRIS W. BLAIR, JR.**                                                                 **PLAINTIFF**


**v.**                              **MEMORANDUM OPINION AND ORDER**


**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

*** *** *** ***

Plaintiff has brought this action pursuant to 42 U.S.C. 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits alleging disability due to HIV/AIDS, neuropathy, depression and high blood pressure (Tr. 522).  This application was denied initially and on reconsideration.  Thereafter, upon request by Plaintiff, a telephonic administrative hearing was conducted by Administrative Law Judge Brienne Mullins (hereinafter "ALJ").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

1

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant=s impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 11-21). Plaintiff was 57 years old at the time of the hearing decision.   He has a college education (Tr. 380).   His past relevant work experience consists of work as a banquet manager and golf club manager (Tr. 545).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 23, 2021. the alleged onset date of disability (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from HIV, peripheral autonomic neuropathy due to other disorder, chronic kidney disease and mild degenerative joint disease of the right wrist, which he found to be "severe" within the meaning of the Regulations (Tr. 13-15).

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15).   In doing so, the ALJ specifically considered Listings 1.8, 11.00, 11.14 and 14.11 (Tr. 15-16).

The ALJ further found that Plaintiff has the residual functional capacity ("RFC") to perform light work that does not require climbing ladders, ropes, or scaffolds or more than occasional stooping, kneeling, crouching, crawling, balancing, and climbing ramps and stairs. (Tr. 16).

The ALJ concluded that Plaintiff could return to his past relevant work (Tr. 20).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.   Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment, and Plaintiff filed a Reply, and this matter is ripe for decision.

## II.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must

3

affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because she did not include any mental limitations in the RFC.  As such, Plaintiff contends that reversal and remand is warranted.

In the Step 2 analysis, the ALJ did, conclude that Plaintiff has "mild limitation" in understanding, remembering/applying information, concentrating, persisting or maintaining pace. (Tr. 14-15). She further found that Plaintiff has no limitation in interacting with others, adapting or managing oneself.  The ALJ concluded that the mental limitation were "not severe."  Notably, Plaintiff does not contest the findings at Step 2 but alleges error at the RFC stage. However, it is well settled the ALJ is not required to specifically discuss each non-severe impairment in the RFC assessment to demonstrate that the impairments were considered. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851–52 (6th Cir. 2020); *Lennon v. Comm'r of Soc. Sec.*, No. 2:21-cv-12942, 2023 WL 2733382, at *6 (E.D. Mich. Mar. 31, 2023); *Plotkowski v. Comm'r of Soc. Sec.*, No. 2:20-cv-12011, 2022 WL 413371, at *6 (E.D. Mich. Jan. 18, 2022) ("[T]here is no [ ]

requirement that the RFC must include restrictions reflecting a non-severe condition in the RFC."). Courts in the Sixth Circuit have concluded that mild mental impairments need not be incorporated into an RFC assessment. *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017) (citations omitted); *see also Phillips v. Comm'r of Soc. Sec.*, No. 3:22-cv-01144, 2023 WL 4078204, at *6 (N.D. Ohio Apr. 4, 2023) ("[M]ild limitations do not automatically mandate specific limitations in the RFC.") (citations omitted). Thus, even if the ALJ failed to adequately explain why and to what extent he considered Plaintiff's mental impairments in arriving at his RFC determination, he did not err.

Yet, in this case, the ALJ did explain, in detail, why Plaintiff's mild mental limitations did not inhibit his ability to perform his past relevant work. She noted the absence of medical findings in this regard. Treatment records are devoid of any mention of depression or any other mental health condition until September of 2023. Indeed, Plaintiff affirmatively denied having anxiety or depression in November 2022 and May 2023, but reported concerns in September 2023, related to the loss of his job. (Tr. 992). Yet, there is no indication in the record that anything beyond a referral to therapy was prescribed. Nor do the consultative examinations in the record do not show anything other than mild and mostly normal findings.

The ALJ also referred to Plaintiff's reports in the record that he did not need reminders to perform personal care or take medications, and he could handle his own finances; he reads and listens to podcasts without any reports of impaired ability. (Tr. 14-15). There is simply nothing in the record to suggest any more mental limitation than

5

was noted by the ALJ.  To the contrary, substantial evidence supports the ALJ's assessment.

To the extent that Plaintiff suggests that the record is open to another interpretation that favors his claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

## III.   CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.    Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. # 10) be **OVERRULED,** and the Defendant's Motion for Summary Judgment (Doc. # 12) be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of March, 2026.



Signed By:

**David L. Bunning**   *DB*

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\SocialSecurity\MOOs\Ashland\24-116 MOO.docx

6